IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAQUEL AQUINO MATIAZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-508-KC |
| MARY DE ANDA YBARRA et al., | § § § | |
| Respondents. | § § | |

### SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Petitioner Raquel Aquino Matiaz's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and her Motion for Temporary Restraining Order ("Motion"), ECF No. 2. For the following reasons the Motion is **DENIED**, but the Court **ORDERS** that **Respondents may not remove Aquino Matiaz from the United States or transfer her from this Division and District during the pendency of this case**. It is further **ORDERED** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

I.   BACKGROUND

Aquino Matiaz is a Mexican citizen who entered the United States in 2006 and has lived here for nineteen years. Pet. ¶ 57. Aquino Matiaz has a U Visa Petition pending with U.S. Citizenship and Immigration Services ("USCIS") since 2020. *Id.* ¶ 60. After determining that her U Visa Petition was "bona fide," USCIS granted Aquino Matiaz deferred action and issued her an employment authorization document. *Id.* Yet, on July 10, 2025, Aquino Matiaz was taken into custody by Immigration and Customs Enforcement ("ICE") during a workplace raid in Los Angeles. *Id.* ¶ 59. Aquino Matiaz is now detained at the El Paso Service Processing Center

in El Paso, Texas. *Id.* ¶ 16. On October 30, 2025, an immigration judge denied Aquino Matiaz bond, finding that he lacked jurisdiction to hold a bond hearing. *Id.* ¶ 61.

That same day, Aquino Matiaz filed a Petition for a Writ of Habeas Corpus, asking the Court to order a bond hearing before an immigration judge, or alternatively, order her release within seven days. *Id.* at 19–20. Concurrently, Aquino Matiaz filed her Motion, requesting a Temporary Restraining Order ("TRO") for the same relief. Mot. 3.

## II. DISCUSSION

### A. TRO Request

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat. Ass. for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

"The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

#### 1. Immediate Release or Bond Hearing

Aquino Matiaz seeks a TRO compelling her release or a bond hearing. Mot. 1. Aquino Matiaz argues that she satisfies the requirements for issuance of a TRO because she is likely to

2

succeed on the merits, she will suffer irreparable harm due to detention, and the balance of equities weighs in her favor. *Id.* at 7, 18–19. She further states that a TRO is necessary "in order to return her to the status quo prior to her unlawful detention." *Id.* at 7.

At this juncture the Court can do no more than preserve the status quo. Here, the current status quo is that Aquino Matiaz is detained at the El Paso Service Processing Center. *Id.* at 6. And, even crediting Aquino Matiaz's likelihood of success on the merits of her Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano*, 2022 WL 486610, at *4; *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

For this reason, Aquino Matiaz's TRO request for immediate release or a bond hearing is denied, without prejudice to her ability to obtain such relief following a full consideration on the merits.

### 2. Transfer from District or Deportation

In her Petition, Aquino Matiaz also requests that Respondents be prohibited "from transferring [her] from the district." Pet. 20. Although the Court cannot grant the ultimate relief requested at this juncture, the Court can prevent Respondents from transferring Aquino Matiaz, in the interest of preserving the status quo and the Court's ability to fully assess this case on the merits. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). Many courts, including this one, have prevented immigration habeas petitioners' removal from

3

the country or transfer from the forum jurisdiction, until the petition can be fully considered. *See Santiago v. Noem*, No. 3-25-cv-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases). To ensure the Court's ability to meaningfully address Aquino Matiaz's claim, the Court finds it necessary to do the same here. This Order is not issued as a TRO but instead under the Court's inherent power to preserve its ability to hear the case. *See, e.g.*, Order Concerning Service of Petition and Stay of Transfer or Removal, *Teixeira v. ICE Burlington*, No. 25-cv-11631 (D. Mass. June 5, 2025), ECF No. 5; *see also Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). Accordingly, Respondents may not transfer Aquino Matiaz out of the El Paso Division of the Western District of Texas or remove her from the country during the pendency of this case.

Again, this Order is issued under the Court's inherent authority to preserve and assess its own jurisdiction, not as a TRO, but to the extent a bond may be required, it is waived. *See, e.g.*, *Sepulveda Ayala v. Noem*, No. 25-cv-5185, 2025 WL 1207655, at *4 (W.D. Wash. Apr. 26, 2025).

      **B.**     **Show Cause**

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Aquino Matiaz the relief she seeks. Respondents are ordered to show cause by November 14, 2025.

### III.   CONCLUSION

For the foregoing reasons, Aquino Matiaz's Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents **SHALL NOT** (1) remove or deport Aquino Matiaz from the United States, or (2) transfer Aquino Matiaz to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than November 14, 2025**</u>, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 31st day of October, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE