IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| RAQUEL AQUINO MATIAZ, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> MARY DE ANDA YBARRA et al., § <br> § <br> Respondents. § | § <br> § <br> § <br> § <br> CAUSE NO. EP-25-CV-508-KC <br> § <br> § <br> § <br> § <br> § |

## ORDER

On this day, the Court considered Raquel Aquino Matiaz's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. For the following reasons, the petition is **GRANTED IN PART**.

I.  BACKGROUND

This case involves Aquino Matiaz's challenge to Respondents' decision to detain her in immigration custody without a bond hearing. The following facts are derived from the allegations in the Petition, the Response, ECF No. 4, and documentary evidence submitted by Aquino Matiaz.

A.  Arrival in the United States & Immigration Proceedings

Aquino Matiaz is a Mexican citizen who entered the United States in 2006 and has lived here for nineteen years. Pet. ¶ 57. Since 2020, Aquino Matiaz has a U Visa Petition pending with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 60. After determining that her U Visa Petition was "bona fide," USCIS granted Aquino Matiaz deferred action and issued her an employment authorization document. *Id.* Yet, on July 10, 2025, Immigration and Customs Enforcement ("ICE") took Aquino Matiaz into custody during a workplace raid in Los Angeles,

California. *Id.* ¶ 59. Aquino Matiaz is now detained at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 16; Resp. 2. On October 30, 2025, an immigration judge ("IJ") denied Aquino Matiaz bond, finding that he lacked jurisdiction to hold a bond hearing. Pet. ¶ 61.

### B. Procedural History

On October 30, 2025, Aquino Matiaz filed a Petition for a Writ of Habeas Corpus, asking the Court to order a bond hearing before an immigration judge, or alternatively, order her release within seven days. *Id.* at 19–20. Concurrently, Aquino Matiaz filed a Motion for Temporary Restraining Order ("TRO"), ECF No. 2, seeking the same relief on an expedited basis. The Court denied the TRO and ordered Respondents to show cause why the writ should not be granted. Oct. 31, 2025, Order, ECF No. 3. Respondents then filed their Response. Aquino Matiaz has a scheduled hearing before an immigration judge on December 16. Resp. 2.

To the extent there are any factual disputes, the Court resolves them in Respondents' favor. Therefore, it is unnecessary to hold a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted) (finding that although 28 U.S.C. § 2243 requires the court to "summarily hear and determine the facts," the court need not hold an evidentiary hearing "[w]here the [habeas] petitioner raises only questions of law, or questions regarding the legal implications of undisputed facts").

### II. DISCUSSION

In her Petition, Aquino Matiaz claims that (1) her detention is in violation of the Immigration and Nationality Act ("INA") and associated regulations, (2) her continued detention violates her right to due process under the Fifth Amendment, and that (3) the Respondents' actions are arbitrary and capricious under the Administrative Procedure Act ("APA"). Pet. ¶¶ 22–56.

Respondents make three main arguments in opposition: (1) the Court lacks subject matter jurisdiction; (2) Aquino Matiaz is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b); and (3) Aquino Matiaz's as applied due process challenge fails.  Resp. 1–2.

This Court recently decided several petitions for writs of habeas corpus brought by immigration detainees challenging their mandatory detention without a bond hearing under § 1225(b).  *See, e.g.*, *Martinez v. Noem* ("*Martinez I*"), No. 3:25-cv-430-KC, 2025 WL 2965859, at *2 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, --- F. Supp. 3d ----, 2025 WL 2691828, at *5 (W.D. Tex. Sept. 22, 2025).  Respondents rely on many of the same arguments that this Court has already addressed and rejected.  Where the arguments retread old ground, the Court need not repeat its analysis, especially where that analysis is consistent with "the overwhelming majority" of courts to consider these issues in recent months.  *See Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025).

**A.     Jurisdiction**

Respondents argue that the Court is stripped of jurisdiction by 8 U.S.C. §§ 1252(e)(3), 1252(g) and 1252(b)(9).  Resp. 10–11.  The Court already rejected essentially the same arguments.  *See Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025) (rejecting § 1252(e)(3) argument); *Santiago*, 2025 WL 2792588, at *3–5 (rejecting §§ 1252(g) and 1252(b)(9) arguments); *Lopez-Arevelo*, 2025 WL 2691828, at *4–5 (rejecting § 1252(g) arguments).  In their briefing, Respondents fail to distinguish those prior jurisdictional analyses.  Resp. 10–11.

Therefore, the Court finds that it has jurisdiction to consider Aquino Matiaz's challenge to her detention.

3

### B. Statutory Interpretation

Next, the parties debate the merits of the Government's new and expansive interpretation of mandatory detention under 8 U.S.C. § 1225(b) and whether Aquino Matiaz falls within it. Pet. ¶¶ 22–40; Resp. 3–9.  Recently, courts across the country have held that this interpretation is either incorrect or likely incorrect.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (noting that "almost every district court to consider this issue" has rejected the Government's new interpretation); *Lopez-Campos v. Raycraft*, --- F. Supp. 3d ----, 2025 WL 2496379, at *8 n.5 (E.D. Mich. Aug. 29, 2025) (collecting twelve such decisions).

Nevertheless, the Court does not reach the statutory interpretation question because, assuming without finding that the Government's new interpretation is correct, Aquino Matiaz is entitled to due process and succeeds in her as-applied challenge.[1]

### C. Procedural Due Process

Respondents argue that Aquino Matiaz "has not raised any colorable claim that mandatory detention under § 1225(b) is unconstitutional as applied to [her]." Resp. 1–2.  They argue that, even as a matter of due process, for petitioners like Aquino Matiaz, "what Congress provided to them by statute satisfies due process." *Id.* at 13.  This argument relies on an expansive reading of *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020).  *See id.* at 11–13.  The Court has already rejected such a reading and does so again here.  *See Santiago*, 2025 WL 2792588, at *7–10; *Lopez-Arevelo*, 2025 WL 2691828, at *7–10.

Respondents also appear to argue that Aquino Matiaz is receiving sufficient due process because she is in full removal proceedings, where "constitutional protections are built in[]." Resp. 12.  However, the process Aquino Matiaz has received in relation to her removal is

---

[1] Therefore, the Court need not consider Aquino Matiaz's APA claim, nor Respondents' argument that a habeas petition is not the correct vehicle for an APA claim.  *See* Resp. 2 & n.5.

4

entirely distinct from the process she has received in relation to her detention, and whether that process is sufficient under the Fifth Amendment.

"To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Martinez v. Noem* ("*Martinez II*"), No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. "The essence of procedural due process is that a person risking a serious loss be given notice and an opportunity to be heard in a meaningful manner and at a meaningful time." *M.S.L. v. Bostock*, No. 25-cv-1204, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025) (citing *Mathews*, 424 U.S. at 348).

1.   **Private Interest**

As to the first element, "'[t]he interest in being free from physical detention' is 'the most elemental of liberty interests." *Martinez II*, 2025 WL 2598379, at *2 (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). Respondents' position appears to be that Aquino Matiaz does not acquire a liberty interest until her detention becomes unreasonably prolonged. Resp. 13. However, one's physical freedom is a paramount liberty interest, secured not just by statute but by the Constitution. *Hamdi*, 542 U.S. at 529. This liberty interest applies to noncitizens, although to varying degrees. *Martinez v. Hyde*, --- F. Supp. 3d ----, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citation omitted).

Therefore, this Court has already held that noncitizens acquire a protectable liberty interest when they spend years establishing a life in the interior of the United States, regardless of their citizenship status. *Martinez I*, 2025 WL 2965859, at *4. And other district courts have done the same. *See, e.g.*, *Sanchez Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *1, 7 (W.D. Mich. Oct. 17, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-437, 438, 439, 2025 WL 2688541, at *1, 10 (D. Me. Sept. 22, 2025).

Aquino Matiaz has been living in this country for about nineteen years, so "it cannot be denied that [she] was 'already in the country.'" *See Martinez v. Hyde*, 2025 WL 2084238, at *8 (quotations omitted). It does not appear that she has any criminal history, and she has established a life here with her four U.S. Citizen children and her U.S. Citizen husband. Pet. ¶¶ 57–58; *see generally* Resp. 2. What is more, Aquino Matiaz has a pending U Visa application and USCIS found that her application was "bona fide, granted deferred action and issued an employment authorization document." Pet. ¶ 60. Effectively, Aquino Matiaz was allowed to live and work in the country. Under these facts, Aquino Matiaz has a strong interest in her liberty. *Cf. Santiago*, 2025 WL 2792588, at *10. Thus, the first *Mathews* factor weighs in favor of Aquino Matiaz.

### 2. Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez II*, 2025 WL 2598379, at *3 (quoting *Gunaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. May 21, 2025)).

Here, detaining Aquino Matiaz without holding a bond hearing creates a substantial risk that she may be erroneously deprived of her liberty. Without an individualized determination, it

cannot be said that detention is warranted in her case. This risk can be easily ameliorated through a bond hearing. Indeed, agency decisionmakers regularly "conduct[] individualized custody determinations . . . consider[ing] flight risk and dangerousness." *Velesaca v. Decker*, 458 F. Supp. 3d 224, 242 (S.D.N.Y. 2020) (citation omitted); *see also* 8 C.F.R. §§ 236.1(c)(8), 1003.19(h)(3). Under "decades of DHS's own practices" prior to 2025, noncitizens "who entered without inspection" and were later arrested, just like Aquino Matiaz, received bond hearings. *Chogllo Chafla*, 2025 WL 2688541, at *8 (citations omitted). This is precisely the type of proceeding that would give Aquino Matiaz an opportunity to be heard and to receive a meaningful assessment of whether she is dangerous or likely to abscond, and it would greatly reduce the risk of an erroneous deprivation of her liberty.

Respondents appear to argue that it is better for Aquino Matiaz that she is detained because her underlying relief application will be heard "more expeditiously on the detained docket than the non-detained docket." Resp. 12–13. But, those procedures would relate to Aquino Matiaz's removal, not her detention. So, they would not ameliorate the risk that she will be erroneously deprived of her liberty while her removability is assessed.

Therefore, the second *Mathews* factor weighs in favor of Aquino Matiaz.

### 3. Government's Interest

Respondents only identify their general interest in enforcing immigration laws as their basis for seeking continued detention without a bond hearing. *See* Resp. 3. But again, assuming Respondents' interpretation of the statute is correct, Aquino Matiaz's constitutional interest in her liberty exists above and apart from the INA. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) ("[T]he Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation omitted). Certainly, the Government has an interest in ensuring that

noncitizens appear for their removal hearings and do not pose a danger to the community. But these concerns would be squarely addressed through a bond hearing. Thus, the third *Matthews* factor also weighs in favor of Aquino Matiaz.

Because all *Mathews* factors support Aquino Matiaz's position, the Court finds that her detention without an individualized assessment of flight risk and dangerousness deprives her of her constitutional right to procedural due process under the Fifth Amendment of the United States Constitution. Thus, she is entitled to a bond hearing. *See, e.g., Lopez-Arevelo*, 2025 WL 2691828, at *13.

### D. Scope of Relief

A majority of courts, including this one, have determined that the appropriate relief for an immigration detainee held in violation of due process is to require a bond hearing before an IJ.[2] *Id.* at *12 (collecting cases). The weight of authority also holds that when ordering a bond hearing as a habeas remedy, the burden of proof should be on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk. *Id.* at *13 (collecting cases); *Velasco Lopez v. Decker*, 978 F.3d 842, 855 n.14 (2d Cir. 2010) (citations omitted). Many courts have also found it appropriate to give the Government a short window in which to complete the bond hearing, or else release the petitioner. *See, e.g.*, *Velasquez Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729, at *9 (D.N.M. Sept. 17, 2025) (collecting cases). The Court follows this consensus and orders the same remedy here.

---

[2] Respondents argue that "the only relief available to Petitioner through habeas is release from custody." Resp. 2. The Court has already rejected this argument, *Lala Barros*, 2025 WL 3154059, at *5 n.1, and does so here for the same reasons.

### III. CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED IN PART**. The Court **ORDERS** that, <u>on or before November 26, 2025</u>, Respondents shall either: (1) provide Aquino Matiaz with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Aquino Matiaz's continued detention; or (2) release Aquino Matiaz from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before November 26, 2025</u>, Respondents shall **FILE** notice informing the Court whether Aquino Matiaz has been released from custody. If Aquino Matiaz has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the November 26, 2025, deadlines.**</u>

**SO ORDERED**.

**SIGNED** this 18th day of November, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE